IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Kris Sarayn Kollyns, aka Kristopher S. Kollins, aka John Wayne Todd, aka Johnnie W. Todd, <br><br>Plaintiff,<br><br>v.<br><br>George Gintoli; W. Russell Hughes; in their personal capacities; and South Carolina Department of Mental Health,<br><br>Defendants.<br>_____ | C/A No.   3:04-2322-JFA<br><br><br><br><br><br>**ORDER** |

  Plaintiff Kris Sarayn Kollyns is involuntarily civilly committed to the South Carolina Department of Mental Health ("SCDMH") Behavior Disorders Program pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, et seq.[1] He filed this 42 U.S.C. § 1983 action pro se and in forma pauperis, alleging constitutional violations by defendants in the denial of medical services. Specifically, plaintiff originally complained that defendants required him to prepay for dentures. He seeks injunctive relief and monetary damages for alleged pain and suffering associated with weight loss and health deterioration resulting from defendants' denial of dentures.

  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this case was

---

[1] A person involuntarily civilly committed, by definition, is not a prisoner and is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a)(1994 ed., Supp. V).

referred to United States Magistrate Judge Joseph R. McCrorey for a report and recommendation ("Report"). In his Report dated August 22, 2005, the magistrate judge recommended that defendants' motion for summary judgment as to plaintiff's failure to state a cause of action be granted. On August 30, 2005, plaintiff filed objections to the Report. After reviewing plaintiff's objections to the report, in an order dated September 23, 2005, this court denied defendants' motion for summary judgment with leave to refile, and ordered defendants to file plaintiff's dental records and dentist's affidavit as part of the record in this case.

On December 1, 2005, defendants filed a response to the court's order, provided the plaintiff's dental records, and an affidavit from dentist Michael Rabkin ("Dr. Rabkin"). Defendants' December 1, 2005 response stated: "Provided herewith are the medical records of Plaintiff, as best they can be located at this time. It is believed that said records may be incomplete, as some departmental records have been inadvertently misplaced in the recent past." Dr. Rabkin's affidavit states that plaintiff's "mouth has degenerated to the stage where it is my opinion that [plaintiff] now needs partial dentures to maintain good oral function and to facilitate [] receiving adequate nutrition. There is now a clear medical need for [plaintiff] to receive these services." Defendants assert that because Dr. Rabkin determined that plaintiff had a medical need for the dentures, the SCDMH would provide plaintiff with partial upper dentures at no cost. The record reflects that the dentures were provided to plaintiff on April 7, 2006.

2

On December 13, 2005, plaintiff moved for summary judgment on the grounds that even if he were provided with a new partial upper denture at no cost, he is entitled to damages for pain and suffering. Additionally, plaintiff alleges that defendants falsified and intentionally withheld some of his dental records. On January 3, 2006, defendants responded to plaintiff's motion for summary judgment, together with a renewed motion for summary judgment. Defendants assert that they did not violate plaintiff's constitutional rights because Dr. Rabkin relied on his professional judgment to determine the course of plaintiff's treatment and the dentures were not medically necessary prior to December 1, 2005.

On January 6, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the dismissal procedures and the possible consequences if he failed to adequately respond to defendants' motion for summary judgment. Plaintiff filed an opposition to defendants' motion on February 13, 2006.

I.   MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION

On June 21, 2006, the magistrate judge issued a second Report, recommending that defendants' renewed motion for summary judgment be granted as to plaintiff's claims for monetary damages against defendant SCDMH and against defendants Gintoli and Hughes in their official capacities, denied as to plaintiff's claims for injunctive relief and for monetary damages against defendants Gintoli and Hughes in their individual capacities. On July 6, 2006, plaintiff objected to the magistrate's second Report, specifically objecting to the use of the professional judgment standard for determining a patient's medical need. This

3

matter is now ripe for the court's review.

II.     STANDARD OF REVIEW

The applicable standard of review is clear. The magistrate judge makes only a recommendation to the Court, to which any party may file written objections:

> The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

While the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 397 (4th Cir. 1990).

The court has carefully reviewed the Report and plaintiff's objection thereto and has

specifically considered de novo those portions of the Report to which plaintiff has objected. Because plaintiff in his response to defendants' motion for summary judgment concedes that he is not seeking damages from the state or from the defendants in their official capacities, there is no dispute that defendants are entitled to Eleventh Amendment immunity. The only remaining issue for the court is whether defendants Gintoli and Hughes are entitled to qualified immunity.

III.    DISCUSSION

The United States Supreme Court has established that in a suit for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Saucier v. Katz, 533 U.S. 194 (2001). The Supreme Court has "repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).

A court asked to rule upon the qualified immunity issue must conduct a two-prong test:  first, the court must consider the threshold question of whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the conduct violated a constitutional right. Siegert v. Gilley, 500 U.S. 226, 232 (1991).  If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next step is to ask whether the right was clearly established.  Id.

5

According to Youngberg v. Romero, 457 U.S. 307, 321 (1982), courts must balance an individual's liberty interest against the relevant state interests when deciding whether a civilly committed individual's constitutional rights have been violated, while giving deference to the decisions of professionals. "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. Id. at 322; McClam v. Chavez, 2006 WL 1663797 at *2 (D.S.C. June 8, 2006).

A plaintiff claiming a Fourteenth Amendment violation is required to prove more than negligence in diagnosing and treating medical complaints. Patten v. Nichols, 274 F.3d 829 (4th Cir. 2001). The two-prong test asserts that if deference is given to the professional judgment and the plaintiff has not established inadequate medical care beyond negligence, then defendants would be entitled to summary judgment as to qualified immunity. Id.

The records of the referring physician, Dr. Jose J. Chavez ("Chavez"), indicate plaintiff was referred to the dental clinic on November 21, 2005. Dr. Rabkin's affidavit states that plaintiff "now needs partial dentures." According to defendants, Dr. Rabkin "followed a course of trying to maintain Plaintiff's dental health by making a series of extractions before considering the utilization of [a new] upper dental plate." There is no

dispute that plaintiff needed partial dentures as of the date of Dr. Rabkin's affidavit on December 1, 2005.

After carefully reviewing the applicable law, the record in this case, the reports, and the objections thereto, the court finds that there is no longer a genuine issue of material fact as to plaintiff's medical need for and defendant's provision of the dentures. The court defers to Dr. Rabkin's professional decision in the provision of dental care to plaintiff and cannot say that his decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that he actually did not base his decision on such a judgment, especially considering the dentures have now been provided to plaintiff.

The professional judgment standard "makes inappropriate any attempt by the courts to determine the 'correct' or 'most appropriate' medical decision." Charters, 863 F.2d at 313. Instead, the proper inquiry is whether the decision was "so completely out of professional bounds as to make it explicable only as an arbitrary, nonprofessional one. This standard appropriately defers to the necessarily subjective aspects of the decisional process of institutional medical professionals and accords those decisions the presumption of validity due them." Id. (citation omitted). Because there is insufficient evidence from which a jury could conclude that the defendants so substantially departed from professional standards that their decisions can only be described as arbitrary and unprofessional, plaintiff has failed to create a material issue of fact as to whether the defendants can be held liable under the professional judgment standard. Patten v. Nichols, 274 F.3d 829 (4th Cir. 2001).

Accordingly, the court rejects the portion of the magistrate's report which denies defendants summary judgment as to the issue of qualified immunity.

IV.    CONCLUSION

For the foregoing reasons, the report and recommendation of the magistrate as to Eleventh Amendment immunity is incorporated herein by reference and adopted as the order of this court. The court further finds that defendants are entitled to qualified immunity. The plaintiff's objections are overruled, and the defendants' claim for summary judgment is granted. The clerk is instructed to close this case.

IT IS SO ORDERED.

September 15, 2006                                              s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                                        United States District Judge

8